UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gayle Blatt | Michael Hofmann |
| Hunter Hillin | Rita Haeusler |
| | Jeff Galloway |
| | Robert Wick |

**Proceedings:**     **DEFENDANT VISA INC.'S MOTION TO DISMISS** (filed 10/14/2008)

**DEFENDANT INNOVATIVE SOLUTIONS, LLC'S MOTION TO DISMISS** (filed 10/14/2008)

**DEFENDANT JP MORGAN CHASE BANK'S MOTION TO DISMISS** (filed 10/14/2008)

## I.    INTRODUCTION AND BACKGROUND

On June 4, 2008, plaintiff filed the instant class action against defendants Visa, Inc ("Visa"); Innovative Merchant Solutions ("IMS"); Canadian Imperial Bank of Commerce ("CIBC"); Royal Bank of Canada ("RBC"); and JP Morgan Chase Bank, N.A. ("Chase"). On October 28, 2008, plaintiff filed a notice of dismissal without prejudice as to defendants RBC and CIBC.

Plaintiff alleges that he is a merchant, doing business as Hill County Custom Cycles in Travis County, Texas. Compl. ¶ 4. Plaintiff alleges that he and other class members entered into an agreement with defendant IMS "and other Merchant Providers and/or Acquiring Banks" to accept Visa credit cards in their business sales. Compl. ¶ 4.

Plaintiff alleges that credit card transactions may involve five different entities: (1) cardholders; (2) merchants (3) issuing banks who issue cards to cardholders; (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
| Title | Robert Smith v. Visa Inc., et al. | | |

acquiring banks that contract with merchants to accept the credit cards; and (5) merchant providers that contract with merchants to process their credit card transactions. Compl. ¶ 23. Plaintiff alleges that defendant Visa is a joint venture enterprise – "an association" – whose members include issuing banks, including CIBC and RBC. Compl. ¶ 17, 24. Plaintiff further alleges that acquiring banks (such as defendant Chase) and merchant providers (such as defendant IMS) also act on behalf of Visa to further the joint venture Compl. ¶ 15, 17, 18.

Plaintiff alleges that, in a "typical" credit card transaction, a merchant, such as plaintiff, accepts a customer's Visa card for payment, and then transmits the card transaction data to a merchant provider, such as IMS, who subsequently transmits the data to an "acquirer," typically a bank such as Chase, for verification and processing. Compl. ¶ 26. The acquirer (Chase) subsequently presents the transaction data to Visa which, in turn, contacts the issuer, typically a bank such as CIBC or RBC, to check the cardholder's credit line or account balance. Compl. ¶ 26. The issuer (CIBC/RBC) then indicates to Visa whether it authorizes or denies the transaction. Compl. ¶ 26. Visa then relays the message to the acquirer (Chase) via the merchant provider (IMS), who then relays the message to the merchant (plaintiff). Compl. ¶ 26. If the transaction is authorized, the merchant (plaintiff) submits a request for payment to the acquirer (Chase) via the merchant provider (INS), which then relays the request, via Visa, to the issuer (CIBC/RBC). Compl. ¶ 26. The issuer (CIBC/RBC) pays the acquirer (Chase), who pays the merchant (plaintiff) via the merchant provider (IMS). Compl. ¶ 26.

Plaintiff's complaint deals with specific financial transactions known as "chargebacks." Chargebacks occur when a Visa cardholder claims that a charge on his or her Visa card was fraudulent. Compl. ¶ 31. In such instances, the issuer (CIBC/RBC) gives the cardholder a credit for the amount of the transaction and subsequently debits the acquirer (Chase). Compl. ¶ 29. The acquirer (Chase) then "most often" deducts the amount from the merchant's (plaintiff's) account. Compl. ¶ 29.

The gravamen of plaintiff's complaint is that, where the cardholder who disputes a charge on his or her Visa card has a Visa account located outside of the United States, plaintiff merchants have been charged through chargebacks for amounts in excess of the original transaction amount. Compl. ¶ 1. Specifically, plaintiff alleges that, when a chargeback occurs, the merchant's account is "debited based upon the currency exchange rate at the date of the actual chargeback rather than the date of the original transaction."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

Compl. ¶ 31.  For example, plaintiff alleges that on April 18, 2007, an on-line purchase of motorcycle engines for $9,759 was placed with plaintiff merchant by a customer using a Visa card.  Compl. ¶ 32.  Plaintiff states that he shipped the goods to the purchaser in Singapore, and subsequently received notification through defendants that the charges were disputed by the cardholder, whose Visa account was based in Canada.  Compl. ¶ 32.  Plaintiff alleges that he thereafter received chargebacks which debited a total of $10,361.81 from plaintiff's account.  Compl. ¶ 32.  Plaintiff alleges that the disparity in the amount of the chargebacks compared to the original purchase was alleged to be due to the changes in currency conversion rates between Canada and the U.S. that had occurred between the date of the original transaction and the date of the chargeback.  Compl. ¶ 32.  Plaintiff additionally alleges that other transactions he entered into with foreign cardholders for $3,294, $7,641, and $6,083.75 resulted in chargebacks in the amounts of $3,531.82, $7,996.88, and $6,412.62, respectively.  Compl. ¶ 33.

Plaintiff alleges that defendants take advantage of fluctuations in the currency exchange rates between the U.S. and foreign country of the issuing banks, in that "chargebacks are deliberately made when currency exchange rates are unfavorable to U.S. merchants."  Compl. ¶ 1, 31.

Plaintiff asserts claims for (1) conspiracy to inflate and fix chargeback amounts in violation of the Sherman Act, 15 U.S.C. § 1 ("the Sherman Act"); (2) conspiracy to inflate and fix chargeback amounts in violation of the Clayton Act, 15 U.S.C. §§ 15(a), 26 ("the Clayton Act"); (3) conspiracy to inflate and fix chargeback amounts in violation of the Cartwright Act, Cal. Bus. Prof. Code § 16720 et seq. ("the Cartwright Act"); (4) conspiracy to inflate and fix chargeback amounts in violation of Texas Bus. & Com. Code §§ 15, 17; and (5) common law breach of contract, breach of duty, fraud, conversion, good faith and fair dealing, unconscionability, and unjust enrichment. Plaintiff seeks damages and injunctive relief.

On October 14, 2008, defendants Visa, Chase, and IMS filed the instant motions to dismiss plaintiff's complaint.  Plaintiff filed an opposition to IMS's motion and an opposition to Visa and Chase's motion on December 3, 2008.  Visa, Chase, and IMS each filed a reply on December 15, 2008.  A hearing was held on December 22, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|----------|----------------------|------|-------------------|
| Title | Robert Smith v. Visa Inc., et al. | | |

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

(9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Plaintiff's First and Second Claims for Relief: Sherman Act and Clayton Act

Defendants argue that plaintiff has failed to adequately plead his allegations of antitrust violations, and therefore, his Sherman Act and Clayton Act claims must be dismissed. IMS Mot. at 7.[1] The relevant standard for pleading antitrust claims was recently articulated by the United States Supreme Court in Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1965-67 (2007):

> In applying these general standards to a § 1 [Sherman Act] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.

In applying the Twombly decision, the Ninth Circuit in Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1046 (9th Cir. 2008) held that:

> To state a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, claimants must plead not just ultimate facts (such as a conspiracy), but

---

[1] Defendants Chase and Visa join in IMS's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|----------|----------------------|------|-------------------|
| Title | Robert Smith v. Visa Inc., et al. | | |

evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition.[2]

Id. at 1047.

### 1.    Contract, Combination, or Conspiracy

In Twombly, 127 S.Ct. at 1966, the Court held that a "naked assertion of conspiracy . . . without some further factual enhancement . . . stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" In Kendall, 518 F.3d at 1047, the Ninth Circuit interpreted Twombly as "suggest[ing] that to allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin."

Defendants argue that plaintiff has not satisfied the requirements of Twombly and Kendall, because the complaint contains only a naked assertion of "a continuing agreement among defendants to manipulate, establish, fix and inflate chargeback amounts to U.S. merchants based upon fluctuations in currency conversion rates." IMS Mot. 8-9, quoting Compl. ¶ 49. Defendants argue that plaintiff's complaint fails to allege facts to support this allegation of an agreement, in that plaintiff does not plead facts regarding when or how defendants entered into a conspiracy or how individual defendants furthered or benefitted from the alleged conspiracy. IMS Mot. at 8-9, citing

---

[2] In Kendall, 518 U.S. at 1051, the Court noted that because plaintiffs' Clayton Act claim for injunctive relief was predicated on their Sherman Act claim, and because plaintiff's Sherman Act claim was dismissed, plaintiffs' Clayton Act claim was also properly dismissed. Likewise, in this case, because plaintiffs' claim under Sections 15 and 26 of the Clayon Act – sections which provide for the award of damages and injunctive relief for antitrust violations –  are similarly predicated on plaintiffs' claim for antitrust violation under the Sherman Act, the Court need not address plaintiffs' allegations under the Clayton Act separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
| --- | --- | --- | --- |
| Title | Robert Smith v. Visa Inc., et al. | | |

Kendall, 518 F.3d at 1048 (dismissing plaintiff's Sherman Act claim where "the complaint does not answer the basic questions: who, did what, to whom (or with whom), where, and when?").

     Furthermore, defendants argue that the complaint fails to differentiate between the various defendants or to make any allegations regarding how each specific defendant made a "conscious commitment to a common scheme." IMS Mot. at 10, citing Toscano v. PGA, 258 F.3d 978, 983 (9th Cir. 2001) ("For an agreement to constitute a violation of section 1 of the Sherman Act, a conscious commitment to a common scheme designed to achieve an unlawful objective must be established").[3] Defendants argue that the mere allegations that defendants IMS and Chase are each a member or affiliate of the Visa network is not, in and of itself, sufficient to state a claim of a conspiracy against these defendants. IMS Mot. at 10. To support this argument, defendants cite Kendall, 518 F.3d at 1048, in which the court upheld dismissal of an antitrust claim alleging that Visa and MasterCard member banks conspired to set the fees charged to merchants for credit card sales, holding

        Regarding the allegation that the Banks conspired to fix the interchange fee, merely charging, adopting or following the fees set by a Consortium is insufficient as a matter of law to constitute a violation of Section 1 of the Sherman Act. In Kline, we held that membership in an association does not render an association's members automatically liable for antitrust violations committed by the association. Even participation on the association's board of directors is not enough by itself.

     Finally, defendants argue that plaintiff's complaint actually only pleads unilateral conduct, in that it states that the acquirer (i.e. Chase) is the entity involved in making

---

   [3] In its motion, Chase argues specifically that plaintiff has made no specific allegations as to how Chase "consciously committed itself" to the alleged conspiracy. Chase Mot. at 2; Toscano, 258 F.3d at 983. Chase argues that the Complaint's allegations regarding Chase are limited to allegations that Chase is an acquiring bank, that Chase is a member of Visa, and that acquiring banks typically play a role in relaying data that results in a chargeback. Mot. at 2, citing Compl. ¶¶ 14, 26, 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

chargebacks, and does not allege that the acquirer makes this decision through anything but its own unilateral decisionmaking.  IMS Reply at 5, citing Compl. ¶ 29 ("The card issuer debits the merchant bank for the dollar amount of the transaction.  The merchant bank will, most often, deduct the transaction dollar amount from the merchant's account").

Plaintiff, however, counters that his complaint sufficiently alleges facts to support his claim of an agreement between defendants in violation of the antitrust laws.  Specifically, plaintiff argues that his complaint alleged that defendants conspired to manipulate the application of currency rate changes when there was a decrease in the value of the U.S. dollar relative to the foreign currency at issue.  Opp'n to IMS Mot. at 6, citing Compl ¶ 31.  However, the passage in the complaint cited by plaintiff does not contain specific allegations regarding when and how various defendants entered into a conspiracy, but more generally stated that "[d]efendants manipulated the date of the chargeback in a manner which would take advantage of a relatively stronger foreign currency rate and cause Plaintiff and other class members' additional monetary damages. . . . [C]hargebacks are deliberately made when currency exchange rates are unfavorable to U.S. merchants."  Compl. ¶ 31.

Furthermore, plaintiff argues that his complaint pleads an agreement between defendants, in that the complaint alleges the existence of a "consortium."  Opp'n to IMS Mot. at 7.  Specifically, plaintiff's complaint stated that Visa is "a joint venture enterprise  – or, as it calls itself, 'an association' – created, owned, governed, and operated by and in the interests of their members."  Compl. ¶ 24.  Plaintiff's complaint alleges that "Visa provides its member banks with a common set of operating rules, polices and procedures, and manuals which, among other things, dictate how transactions are conducted between and among cardholders, merchants, merchant providers, its member banks and the Visa Associations."  Compl. ¶ 11.  Plaintiff's complaint further alleges that Visa, Chase, and IMS were members of the Visa network.[4]  Compl. ¶¶ 1; 14.

_____

[4] Plaintiff argues that Visa's status as a consortium does not immunize it from antitrust allegations.  Opp'n to IMS Mot. at 7, citing U.S. v. Visa U.S.A. Inc., 163 F. Supp. 2d 322, 332 (S.D.N.Y. 2001) ("finding that although a joint venture will necessarily require agreement among competitors, "agreements among those competitors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

Plaintiff argues that his allegations are sufficient under <u>Reyn's Pasta Bella, LLC v. Visa U.S.A.</u>, 259 F.Supp.2d 992, 996 (N.D.Cal. 2003), a case in which plaintiffs alleged that the agreement between banks within a payment card network to impose a uniform interchange fee constituted a horizontal restraint in violation of the Sherman Act. The court found that plaintiffs had sufficiently pled an agreement by "alleging an agreement between the member banks of Visa and Mastercard to perform the payment services at a set interchange fee." <u>Id</u>. However, the Court notes that there is little discussion in <u>Reyn's</u> indicating what specifically plaintiffs pled regarding an agreement in that case, and that the <u>Reyn's</u> decision was issued prior to the <u>Twombly</u> decision clarifying the pleading standards required for antitrust cases. <u>See</u> 259 F.Supp.2d at 996; 127 S.Ct. at 1966.

Plaintiff also argues that he has alleged that defendants failed to abide by the <u>Rules for Visa Merchants</u> ("the <u>Rules</u>"), which define a chargeback as "the reversal of the dollar value (financial liability), in whole or in part, of a particular transaction by the card issuer to your merchant bank, and usually, by your merchant bank to you." Opp'n to IMS Mot. at 11. Plaintiff argues that this allegation distinguishes the instant action from <u>Kendall</u>, 518 F.3d at 1048, because it demonstrates that the members of the "consortium," in collusion with one another, chose not to follow Visa's own rules in assessing chargebacks. Opp'n to IMS Mot. at 12. Defendants, however, counter that, in fact, plaintiff did not make any specific mention of the <u>Rules</u> in his complaint, nor did plaintiff attach a copy of the <u>Rules</u> to his complaint. IMS Reply at 2; <u>Schneider v. Cal. Dep't of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's

---

unrelated to the efficiency of the joint venture and in particular limiting competition in areas where the competitors should compete, are subject to scrutiny under the antitrust laws").

[5]Plaintiff argues that its complaint specifically demonstrates IMS' role as a processing agent in the Visa network, in that the complaint recited specific facts regarding the IMS merchant agreement, including the provision governing chargebacks. Opp'n to IMS Mot. at 9; Compl. ¶ 31 ((quoting the provision in the IMS merchant agreement regarding chargebacks and stating "[n]othing in the agreement permits unfavorable currency exchange rates to increase the merchant's financial responsibilities for chargebacks").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

moving papers . . .")  Defendants are correct that plaintiff did not specifically mention the <u>Rules</u> by name in his complaint.  However, plaintiff appears to have vaguely referenced the <u>Rules</u> in his complaint when he stated "[n]otwithstanding their positive and clear statements to the merchant community that the chargeback loss is the loss of the dollar amount of the original transaction, Defendants have charged merchant accounts in excessive [sic] of the original transaction."[6]  <u>See</u> Compl. ¶ 30.

Despite plaintiff's arguments, the Court finds that plaintiff's complaint fails to adequately allege facts establishing the nature of the alleged contract, combination, or conspiracy entered into by defendants.  At most, plaintiff's complaint appears to allege parallel conduct by defendants, which is not, in and of itself, sufficient to constitute an antitrust violation.

Therefore, the Court GRANTS defendants' motion to dismiss plaintiff's first and second claims for relief.[7]

**B.      Plaintiff's Third and Fourth Claims for Relief: Cartwright Act and Chapter 15 of the Texas Business and Commerce Code**

Defendants argue that plaintiff's Cartwright Act claim and plaintiff's claim under Chapter 15 of the Texas Business and Commerce Code must be dismissed for the same reasons as plaintiff's first and second claims, given that the elements of antitrust claims under these California and Texas statutes are essentially the same as under federal law.  IMS Mot. at 15, citing <u>Johnson v. Hosp. Corp. of Am.,</u> 95 F.3d 383, 391 n.7 (5th Cir. 1996) ("Because the Texas Act [Chapter 15 of the Texas Business and Commerce Code]

---

[6] In its Reply, IMS argues that, even if the <u>Rules</u> are considered, plaintiff has still failed to state a claim, because the language in the <u>Rules</u> – "the reversal of dollar value (financial liability)" – is entirely consistent with adjustments based on exchange rate fluctuations.  IMS Reply at 4.

[7] Defendants also argue that plaintiff has failed to adequately plead a per se antitrust violation or a violation under the rule of reason, and that plaintiff has failed to adequately plead an antitrust injury.  In light of the Court's ruling based on plaintiff's failure to adequately plead a contract, combination, or conspiracy, the Court need not reach these issues at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

mandates that its provisions be interpreted in harmony with federal antitrust law, we do not separately analyze the plaintiffs' state law antitrust claims"); McGlinchy v. Shell Chemical Co., 845 F.2d 802 812 n.4 (9th Cir. 1988) ("We have recognized that Cartwright Act claims raise basically the same issues as do Sherman Act claims. . . As a result, our conclusion with regard to the Sherman Act claims applies with equal force to appellants' Cartwright Act claims").

Because the standard for evaluating plaintiff's third and fourth claims for relief is the same as the standard that the Court used in evaluating plaintiff's first and second claims for relief, the Court GRANTS defendants' motion to dismiss plaintiff's third and fourth claims for relief.

### C.    Plaintiff's Fourth Claim for Relief: Chapter 17 of the Texas Business and Commerce Code

Plaintiff's fourth claim for relief is brought in part under Chapter 17 of the Texas Business and Commerce Code, the Deceptive Trade Practices Act ("DTPA"). Defendants argue that plaintiff has failed to meet notice pleading standard, in that plaintiff does not specify what provision of the DPTA plaintiff alleges was violated. IMS Mot. at 16 (noting that Section 17.46(b) of the DTPA lists twenty-seven types of unlawful deceptive trade practices for which consumers may seek relief); citing Griffith v. Levi Strauss & Co., 85 F.3d 185, 187 (5th Cir. 1996) ("Consumers have a private cause of action under the DTPA only with respect to acts that are specifically enumerated in section 17.46. As such, the appellants' 'catch-all' deceptive practice claim must fail"). Chase further argues that the complaint fails to specify a single deceptive statement or practice allegedly undertaken by Chase. Chase Mot. at 2.

Plaintiff however, states that although "specific violations of the DTPA were not alleged," he nevertheless properly pleaded his status as a "business consumer" who acquired services from Visa, Chase, and IMS (as members of the Consortium), and that the facts set forth regarding the chargeback transactions are sufficient to sufficient to show deceptive acts.[8] Opp'n to Visa/Chase Mot. at 11.

---

[8] IMS argues that the plaintiff raised arguments in plaintiff's opposition to the Visa/Chase motion which addressed arguments raised in IMS's motion. IMS Reply at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

Nevertheless, the Court finds that it cannot determine based on plaintiff's allegations which specific enumerated act under the DPTA plaintiff is alleging was committed by defendants, and plaintiff has not provided clarification in his opposition.

Therefore, the Court GRANTS defendant's motion to dismiss plaintiff's claim under the DTPA.

### D.    Plaintiff's Fifth Claim for Relief: Common Law Claims[9]

#### 1.    Breach of Contract

A breach of contract claim must allege "(1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendants' breach; and (4) damages to plaintiffs." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).[10]

Visa and Chase argue that plaintiff cannot state a claim for breach of contract as to

_____

IMS argues that this was an improper attempt to circumvent page limits, and therefore, plaintiff's arguments in response to IMS' motion raised in plaintiff's opposition to the Visa/Chase motions should not be considered. Despite the purported procedural defect however, the Court considers plaintiff's arguments contained in both briefs.

[9] In his complaint, plaintiff does not indicate what law applies to his common law claims. In his opposition, plaintiff cites both Texas and California law in support of his arguments regarding these claims. Defendants, however, argue that because plaintiff failed to specify in his complaint which law applies to his common law claims, only California law applies. See, e.g., Visa Reply at 1, citing 1700 Ocean Ave. Corp. v. GBR Associates, 354 F.2d 993, 994 (1965) ("In the absence of a showing at the trial that some other law than that of the forum was applicable, and proof of it, the presumption would be that the foreign law, if applicable, would be the same as California's"). Nevertheless, the Court considers plaintiff's arguments under both California and Texas law.

[10] Under Texas law, the essential elements of breach of contract are "1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." Frost Nat'l Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

them, because the complaint fails to allege that a contract existed between plaintiff and Visa or plaintiff and Chase. Visa Mot. at 4; Chase Mot. at 3. Specifically, they argue that the only contract alleged in plaintiff's complaint is the "IMS merchant agreement," and that they were not parties to that contract. Visa Mot. at 4; Chase Mot. at 3. Plaintiff, however, counters that the IMS merchant agreement was "entered into between plaintiff, IMS and Chase" and "governed by Visa's own rules which are adopted and enforced by that same agreement" and that, therefore, there was a contract between plaintiff and the Visa network. Opp'n to Visa/Chase Mot. at 14; Compl. ¶ 8 ([Plaintiff] and other class members entered into a merchant agreement with IMS and other Merchant Providers and/or Acquiring Banks, to accept Visa credit cards in their business sales, and to utilize Defendants [sic] services and realize the potential claimed by the Defendants").

Defendants additionally argue that the complaint fails to describe how any agreement between plaintiff and defendants was breached. IMS Mot. at 21. Specifically, defendants note that plaintiff's complaint merely states that the IMS merchant agreement specifies that "IMS and/or its Bank shall only provisionally credit the value of collected Sales Drafts to Merchant's Account and reserves the right to adjust amounts collected to reflect the value of chargebacks, . . ." and that plaintiff states "[n]othing in the agreement permits unfavorable currency exchange rates to increase the merchant's financial responsibilities for chargebacks." Compl. ¶ 31. Defendants argue that these statements are not sufficient to show a breach of contract, as "there is nothing in the agreement as alleged in the Complaint that suggests that a rise (or fall) in currency rates that affects a chargeback would not be reflected as part of its 'value'" and that, in fact, the agreement on its face allows plaintiff's account to be adjusted for the "value of chargebacks." IMS Mot. at 21. Additionally, Chase argues the plaintiff cannot show a breach as to Chase, because the complaint does not allege that Chase initiated the chargebacks or determined the amount of the chargebacks. Chase Reply at 8.

Plaintiff, however, argues that the complaint sufficiently alleges a breach by asserting that "nothing in the [IMS merchant} agreement permits unfavorable currency rates to increase the merchant's financial responsibilities for chargebacks." Opp'n to Visa/Chase at 15, citing Compl. ¶ 31. Plaintiff further argues that he adequately pled that defendants' breach was "the failure to set the 'dollar amount' of the chargeback transaction price as promised in Visa's rules." Opp'n to Visa/Chase Mot. at 14. As discussed herein, plaintiff did not specifically cite the Rules in his complaint, nor did he allege that the Rules constituted a contract between him the other defendants; plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

only apparent reference to the <u>Rules</u> in the complaint was the statement "[n]otwithstanding their positive and clear statements to the merchant community that the chargeback loss is the loss of the dollar amount of the original transaction, Defendants have charged merchant accounts in excessive of the original transaction." Compl. ¶ 30.

The Court finds that plaintiff has failed to adequately allege the nature of the contract at issue. For example, based on plaintiff's complaint, the Court cannot determine whether he is alleging that he was a party to a contract with defendants, or that he was a third party beneficiary under a contract. Furthermore, plaintiff has failed to set forth how the contract at issue was breached by defendants.

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's breach of contract claim.

### 2.  Breach of Duty

Visa argues that plaintiff asserts a claim for breach of duty, but fails to allege what "duty" has been breached. As a result, this claim does not meet minimum notice pleading standards under Fed. R. Civ. P. 8(a).

Because Visa is correct that plaintiff has failed to allege what "duty" was breached, the Court GRANTS defendants' motion to dismiss plaintiff's claim for breach of duty.

### 3.  Fraud

"Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."[11] <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1105 (9th Cir. 2003). Under

---

[11] In Texas, the elements of fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

Fed. R. Civ. P. 9(b), fraud claims must be pled with particularity, meaning that the complaint must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

Defendants argue that plaintiff have failed to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Furthermore, Visa and Chase each argue that plaintiff's complaint identifies no misrepresentations or omissions by Visa or Chase and makes no allegations that Visa or Chase intended for plaintiff to rely on a particular representation, or that plaintiff did in fact rely on representations by Visa or Chase. Visa Mot. at 5, citing Swartz, 476 F.3d at 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."); Chase Mot. at 3.

Plaintiff, however, argues that although he "did not set out the elements of a common law fraud claim under either Texas or California law," his complaint nevertheless did state with particularity the crux of plaintiff's fraud claim: that defendants made misrepresentations in stating that, in a given chargeback, only the "dollar amount" of the original transaction would be charged back to the merchant. Opp'n to Visa/Chase Mot. at 16 (citing the Rules). Specifically, plaintiff argues that the complaint sets forth that Visa, IMS, and Chase were members of the Visa joint venture, that the IMS merchant agreement was devoid of language that would permit an unfavorable foreign currency exchange rate, that defendants adopted Visa's representations about what a chargeback is (i.e., the Rules), and that these statements, and others, were misrepresentations of material fact. Opp'n to Visa/Chase Mot. at 18, citing Compl. ¶ 30 ("Notwithstanding their positive and clear statements to the merchant community that the chargeback loss is the loss of the dollar amount of the original transaction, Defendants have charged merchant accounts in excessive [sic] of the original transaction.")

should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." In re First Merit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|----------|---------------------|------|-------------------|
| Title | Robert Smith v. Visa Inc., et al. | | |

Plaintiff further argues that the complaint sets forth that each defendant plays a unique part in the chargeback transaction.  Opp'n to Visa/Chase Mot. at 20.  Plaintiff argues that "evidentiary facts pled support the allegation that as members of the Visa network, each defendant was aware that fluctuating foreign currency exchange rates were being set by VisaNet and being applied by them all in increasing the amount of the chargebacks when the U.S. dollar had weakened."  Opp'n to Visa/Chase Mot. at 20, citing Compl. ¶ 31 ("defendants manipulated the date of the chargeback in a manner which would take advantage of a relatively stronger foreign currency rate and cause Plaintiff and other class members' [sic] additional monetary damages.")

The Court finds that plaintiff has failed to plead with particularity the elements of his claim for fraud against defendants, in that he has not set forth the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  Therefore, the Court GRANTS defendants' motion to dismiss plaintiff's fraud claim.

### 4.     Conversion

A claim for conversion requires allegations of (1) plaintiff's ownership or right to possession of property; (2) defendant's wrongful act toward or disposition of the property, (3) interfering with plaintiff's possession; and (4) damage to plaintiff.[12] McKell v. Washington Mutual, Inc., 49 Cal. Rptr. 3d 227, 255 (2006).

Defendants argue that plaintiff cannot state a claim for conversion in addition to his breach of contract claim, because "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Ehrlich v. Menezes, 21 Cal. 4th 543, 551 (1999).  Defendants argue that because plaintiff has alleged the same facts for the breach of

---

[12] Under Texas law, the elements of conversion are "(1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property." Tex. DOT v. Crockett, 257 S.W.3d 412, 416 (Tex. App. 2008)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

contract claim as for the conversion claim, plaintiff cannot bring a conversion claim against defendants.[13]  IMS Mot. at 20.

Furthermore, Visa argues that plaintiff cannot state a claim for conversion under McKell, 49 Cal. Rptr. 3d at 234-36.  In McKell, patrons of a bank sued for conversion, alleging that the bank converted their funds when it charged them fees for services in excess of the cost to the bank in providing those services.  Id.  The Court held that plaintiffs' conversion claim was properly dismissed.  The court first noted that "money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment."  Id. at 255.  The court noted that "plaintiffs did not allege that defendants were holding their payments on behalf of another, in essence in trust for the third party vendors" and went on to state that "[p]laintiffs cite no authority for the proposition that a cause of action for conversion may be based on an overcharge."  Id. at 256.  Visa argues that, similarly, in the instant action, there is no question that plaintiff owed some amount of money for the chargeback, and that the essence of plaintiff's claim is that he was overcharged.  Visa argues that this allegation does not support a claim for conversion.  See id.

Visa further argues that plaintiff cannot state a claim for conversion against Visa, because plaintiff's complaint contains allegations only that Visa "provides the networks"

---

[13] Defendants also argue that plaintiff has failed to allege that he has a fiduciary relationship with defendants. IMS Mot. at 20.  However, the court is not convinced that the cases cited by defendants support the proposition that a fiduciary relationship must exist and be pled in all cases in order for a conversion claim to lie.  See IMS Mot. at 20, citing Util. Consumers' Action Network v. Spring Solutions, Inc., 2008 Dist. LEXIS 34159 at *23 (S.D. Cal. Apr 25, 2008) (holding that "[a]s a general rule, where the relationship of debtor and creditor only exists, conversion of the funds representing the indebtedness will not lie against the debtor, unless he holds the deposit in a fiduciary capacity and is bound to return" the money to the owner") (emphasis added); Jefferson v. Chase Home Fin., LLC, 2007 U.S. Dist. LEXIS 36298 (finding that plaintiff had failed "to allege that he had any ownership rights to the funds at issue once he transmitted those funds to [defendants] as payments on his mortgage, nor does [plaintiff] allege that an agency or trust relationship existed between [defendants] and [plaintiff].")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

that allow issuers, acquirers, and processers to transmit information concerning transactions to one another, but that Visa does not retain any portion of the funds themselves. Visa Mot. at 8, citing Simonian v. Patterson, 32 Cal. Rptr 2d at 727 (1994) ("the act of removing personal property from one place to another, without an assertion of ownership or preventing the owner from exercising all rights of ownership in such personal property, is not enough to constitute a conversion.") Similarly, Chase argues that plaintiff's complaint fails to allege that Chase retained any portions of the allegedly excessive chargebacks for its own use or benefit. Chase Mot. at 4.

Plaintiff, however, argues that he has adequately alleged the exact dollar amounts involved in the chargebacks, and has demonstrated that he did not receive the dollar amount in the transaction as promised. Opp'n to Visa/Chase Mot. at 21, citing Compl. ¶¶ 31-32. Plaintiff argues that the allegations in his complaint demonstrate that "the plaintiff's funds has [sic] been granted to the Consortium through the plaintiff's participation in the Visa network which, in turn, wrongfully withdrew funds, as plaintiff's agent, without right or authorization in each of the chargeback incidents." Opp'n to Visa/Chase Mot. at 21.

The Court finds that, like the plaintiff in McKell, plaintiff's claim for conversion essentially amounts to an allegation that he was overcharged by defendants. See 49 Cal. Rptr. 3d at 234-36. Plaintiff has failed to cite any authority contrary to McKell that such a claim for an overcharge can support a claim for conversion.

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's claim for conversion.

## 5.    Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants argue that plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed, because plaintiff has pled no facts different from those pled in support of his breach of contract claim, and makes no allegations that defendants have frustrated the purpose of the contract. IMS Mot. at 23; Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal. App. 3d 1371, 1395 (1990) ("If the [breach of implied covenant of good faith and fair dealing] allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

may be disregarded as superfluous as no additional claim is actually stated.")

Defendants also note that plaintiff cannot state a claim for implied covenant of good faith and fair dealing under Texas law, because Texas law requires a special relationship between the contracting parties.  IMS Mot. At 23, citing Hall v. Resolution Trust Corp., 958 F.2d 75, 79 (5th Cir. 1992) ("in limited circumstances where there exists a 'special relationship' between the parties-as between insurers and insureds, principal and agent, joint venturers and partners-will the duty [of good faith and fair dealing] apply"); see also Fireman's Fund Ins. Co. v. Murchison, 937 F.2d 204 (5th Cir. 1991) ("the Texas courts have not applied this duty to ordinary contractual relationships); Adolph Coors Co. v. Rodriguez, 780 S.W.2d 477, 481 (Tex.App. 1989) (duty does not apply to supplier-distributor relationship); Victoria Bank & Trust Co. v. Brady, 779 S.W.2d 893, 902 (Tex.App.) (duty does not apply to debtor-creditor relationship); Lovell v. Western Nat. Life Ins., 754 S.W.2d 298, 303 (Tex.App. 1988) (duty does not apply to relationship between mortgagor-mortgagee).

Furthermore, Visa and Chase argues that plaintiff has failed to state a claim for breach of implied covenant of good faith and fair dealing as to Visa or Chase, because plaintiff has failed to allege a contract between Visa and plaintiff or Chase and plaintiff. Visa Mot. at 9; Chase. Mot. at 3.

Plaintiff, however, argues that he has pled facts to show that defendants' "negligent, affirmative conduct in the performance of the agreement subjects defendants to tort liability as well as contractual liability."  Opp'n to Visa/Chase Mot. at 24. Specifically, plaintiff argues that he has asserted facts showing that defendants deviated from the agreement to manipulate foreign currency exchange rates, which, plaintiff argues, is an injury that plaintiff could assert independent of the contract.  Opp'n to Visa/Chase Mot. at 24, citing Exxon Mobil Corp. V. Kinder Morgan Oper. L.P., 192 S.W.3d 120, 126-27 (Tex. App. 2006) (explaining the "independent injury rule" under Texas law, which holds that "if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may sound in both tort and contract, but if the defendant's conduct would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract.")

The Court finds that plaintiff has failed to plead a claim for the implied covenant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

of good faith and fair dealing.  First, his complaint is deficient under California law, in that he fails to plead allegations that "go beyond the statement of a mere contract breach."  See Careau, 222 Cal. App. 3d at 1395.  Furthermore, there does not appear to be a "special relationship" between plaintiff and defendants which would support a breach of implied covenant of good faith and fair dealing under Texas law.  See Hall, 958 F.2d at 79 ("in limited circumstances where there exists a 'special relationship' between the parties-as between insurers and insureds, principal and agent, joint venturers and partners-will the duty [of good faith and fair dealing] apply").

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's breach of the implied covenant of good faith and fair dealing claim.

### 6.    Unconscionability

Visa argues that plaintiff cannot plead an unconscionability claim against defendants, because unconscionability is a defense to contract enforcement under California law, but is not its own cause of action. Visa cites California Grocers Ass'n v. Bank of Am., 27 Cal. Rptr. 2d 396, 403-04 (Cal. Ct. App. 1994), in which the court stated:

> The doctrine of unconscionability has historically provided only a defense to enforcement of a contract, and normally cannot be used offensively to obtain mandatory injunctive relief. As embodied in Civil Code section 1670.5, the doctrine is phrased in defensive terms: a court 'may refuse to enforce' an unconscionable contract or 'may enforce the remainder' of a contract without an unconscionable clause. The statute does not in itself create an affirmative cause of action but merely codifies the defense of unconscionability.

However, in California Grocers, the court went on to say that "an affirmative cause of action for unconscionability may be provided by statute" and indicated that, for example, the unfair competition law, Cal. Bus. Prof. Code. ¶ 17200 might provide an affirmative cause of action for unconscionability.  Id.  Therefore, the Court is not convinced that plaintiff cannot state an affirmative claim of unconscionability.

Defendants also argue that plaintiff makes not allegations to support his claim of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|----------|----------------------|------|-------------------|
| Title | Robert Smith v. Visa Inc., et al. | | |

unconscionability, and therefore does not meet notice pleading requirements.  IMS Mot. at 24.  Furthermore, Chase argues that because plaintiff has not pled a contract between Chase and plaintiff, plaintiff cannot assert an unconscionability claim against Chase. Chase Mot. at 3.

Plaintiff counters that he has sufficiently alleged that Visa had market power, leaving plaintiff and other merchants with no bargaining power.  Opp'n to Visa/Chase Mot. at 25.  However, the passages of the complaint cited by Visa do not specifically address Visa's market power or plaintiff's bargaining power, but rather just provide general facts about Visa's business operations.  See Compl. ¶¶ 10-11.

Because plaintiff has provided no indication in his complaint regarding the basis for his unconscionability claim, the Court finds that plaintiff has failed to satisfy the notice pleading requirement under Fed. R. Civ. P. 8(a).  For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's unconscionability claim.

### 7.    Unjust enrichment

Defendants argue that because plaintiff has specifically alleged a breach of contract with IMS, and has "at least nominally asserted a breach of contract claim against all other Defendants," plaintiff cannot state a claim for unjust enrichment.  INS Mot. at 21-22, citing Gerlinger v. Amazon.com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("Under California law, unjust enrichment is an action in quasi-contract. Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). An action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties"); Jupiter Enters., Inc., v. Harrison, 2002 Tex. App. LEXIS 1617 at *8-9 (Tex. App. Mar. 1, 2002).  Defendants argue that plaintiff cannot evade this rule by pleading in the alternative.  Qwest Commc'ns Corp. v. Herakles, LLC, 2008 U.S. Dist. LEXIS 22154, at *36 (E.D. Cal. Mar. 20, 2008) ("[e]ven though Rule 8(e)(2) . . .allows a party to state multiple, even inconsistent claims, it does not alter a substantive right between the parties and accordingly does not allow a plaintiff [to invoke] state law to an unjust enrichment claim while also alleging an express contract.")

Visa and Chase additionally argue that plaintiff has failed to plead that Visa or Chase received a benefit to plaintiff's detriment, because the complaint does not allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | Date | December 22, 2008 |
|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | |

that Visa or Chase receives a share of the chargebacks.  Visa Mot. at 10; Chase Mot. at 4. Visa also argues that it is a "bona fide purchaser for value," because, according to the complaint, Visa plays a role in the initial transaction – before the alleged injury has been inflicted – rather than in the chargeback itself.  Visa Mot. at 11, citing Oakdale Village Group v. Fong, 50 Cal. Rptr. 2d 810, 815 (Cal. Ct. App. 1996) (an individual is a bona fide purchaser for value when there is a "payment of value, in good faith and without actual or constructive notice of another's rights).  Plaintiff, however, counters that "Visa and its network have received the benefit of the additional money taken from U.S. merchant accounts."  Opp'n to Visa/Chase Mot. at 22.

Plaintiff also cites Texas law for the proposition that a party may recover for unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage.  Opp'n to Visa/Chase Mot. at 22;  Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992).  Plaintiff argues that because he has properly alleged a claim for fraud, dismissal of his unjust enrichment claim at this stage is inappropriate, regardless of the fact that he has also pled a breach of contract claim.  Opp'n to Visa/Chase Mot. at 22; Waller v. DB3 Holdings, Inc., 2008 WL 373155 *6 (N.D. Tex. 2008) (declining to dismiss plaintiff's unjust enrichment claim, pled in the alternative to a breach of contract claim, given that the breach of contract claim might later be invalidated).

Plaintiff also argues that defendants may have been unjustly enriched to the extent that they have failed to provide plaintiff class members with the benefit of a strong U.S. dollar in executing chargebacks.  Opp'n to Visa/Chase Mot. at 23; Compl. ¶ 76 ("To the extent that Defendants have also failed to properly credit members of the class where the U.S. dollar has increased in value, vis a vis, the foreign currency exchanged, Defendants have been unjustly enriched.")

The Court finds that, even if plaintiff may plead an unjust enrichment claim in the alternative to a breach of contract claim, plaintiff has nevertheless failed to adequately set forth the basis for his unjust enrichment claim.  Therefore, the Court GRANTS defendants' motion to dismiss plaintiff's unjust enrichment claim.

### E.    California Business and Professions Code

Defendants note that plaintiff's complaint makes references to the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3660 CAS (CTx) | | Date | December 22, 2008 |
|---|---|---|---|---|
| Title | Robert Smith v. Visa Inc., et al. | | | |

Business and Professions Code, §§17200, 17500, but does not mention these statutes in the substantive counts of the complaint. Compl. ¶ 37; 42. Plaintiff clarifies that his complaint generally alleged a cause of action under California's Unfair Practices Act, Cal. Bus. Prof. Code § 17000, et seq., and argues that "plaintiff's complaint is replete with instances of unfair trade practices . . . including the allegation that . . . the dates of the actual debits on the chargebacks are deliberately set when currency exchange rates are relatively more unfavorable to U.S. merchants." Opp'n to Visa/Chase Mot. at 12-13, citing Compl. ¶ 31. However, plaintiff does not appear to have specifically mentioned the California Unfair Practices Act anywhere in his complaint. Because the complaint is too vague as to plaintiff's allegations under Sections 1700, 17200, or 17500, the Court finds that plaintiff has failed to state a claim under these sections.

### F.    Discovery

Plaintiff requests that, if his complaint is dismissed, that the court nevertheless permit discovery and grant leave to amend after relevant discovery is completed. IMS objects to this request. IMS Reply at 11, citing Kendall, 518 F.3d at 1047 (Twombly required "more than labels and conclusions" to be pled for antitrust cases "because discovery in antitrust cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case.")

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's complaint, with leave to amend. Plaintiff is granted 90 days in which to conduct discovery prior to amending his complaint. A status conference is hereby set for January 12, 2009 at 12:30 p.m. Plaintiff must amend his complaint by March 20, 2009.

IT IS SO ORDERED

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |